[S. F. No. 2790.   Department One.—June 4, 1903.]

## DAVIS, BELAU & CO., Respondent, v. NATIONAL SURETY COMPANY OF NEW YORK, Appellant.

ACTION UPON BOND—ASSIGNMENT OF LIEN OF PLEDGEE TO ATTACHING CREDITOR—DELIVERY OF POSSESSION—PLEADING, PROOF, AND FINDING.—Where the consideration specified in the bond sued upon was that the plaintiff was to transfer to an attaching creditor of the owners of certain merchandise its lien thereupon, as pledgee, to

secure advances made to the owners, the bond being conditioned for the payment of plaintiff's advances by such creditor, an averment in the complaint that plaintiff, pursuant to the agreement, transferred its lien unto such credits is a sufficient averment of performance, without a specific averment of delivery of the possession of the property. The plaintiff must prove the delivery of possession under the averment made; but a finding that plaintiff transferred and delivered its lien unto such creditor is sufficient, without a further finding of delivery of possession of the property.

Id.—Assignability of Lien—Estoppel—Consideration of Bond.— Neither the attaching creditor nor the surety upon the bond can question the assignability of plaintiff's lien; and the delivery up of the merchandise upon which it had a lien, dependent upon possession, to such creditor, was a sufficient consideration for the bond to pay the amount of the debt secured by such lien.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Otto Irving Wise, Marcus Rosenthal, Crittenden Thornton, and J. F. Riley, for Appellant.

The assignment of the lien without a transfer of the debt was a nullity in law. (*Polhemus* v. *Trainer,* 30 Cal. 685; *Peters* v. *Jamestown Box Co.,* 5 Cal. 334;[1] *Hyde* v. *Mangan,* 88 Cal. 319; Jones on Pledges, secs. 418, 419; *Van Ewan* v. *Stanchfield,* 13 Minn. 75.) A lien is not assignable unless by the express language of the statute. (Jones on Liens, sec. 982; *Wingard* v. *Banning,* 39 Cal. 343; *Ruggles* v. *Walker,* 34 Vt. 468; *Wing* v. *Griffin,* 1 Smith, E. D. 162; *Holly* v. *Hungerford,* 8 Pick. 73; *Daubigny* v. *Duval,* 5 Tenn. 604.)

Naphtaly, Friedenrich & Ackerman, for Respondent.

Hahlo, having acquired the fruits of the transfer, cannot dispute its assignability, and the defendant is in no better position. (Civ. Code, sec. 3516.) A pledgee may sell or assign either the property or his interest in it to a *bona fide* purchaser, who will be allowed to hold the property until the extinguishment of the original obligation. (*Williams* v. *Ashe,* 111 Cal. 180; *Jarvis* v. *Rodgers,* 15 Mass. 389; *Belden* v. *Perkins,* 78 Ill. 449; *Brittan* v. *Oakland Bank,* 124 Cal. 282.[2])

[1] 63 Am. Dec. 134.    [2] 71 Am. St. Rep. 58.

ANGELLOTTI, J.—Plaintiff had judgment in the court below upon two bonds executed by defendant to it, and defendant appeals therefrom.

Plaintiff had in its possession in San Francisco, two lots of merchandise, one belonging to Moses Levy and one to Jennie Levy, of New York, as security for moneys theretofore advanced by it to said Levys, and for freight and drayage. One Herman Hahlo, of New York, having caused an action to be instituted in the San Francisco superior court against each of the Levys for money due him, and a writ of attachment to be issued in each action, directed the sheriff to levy the same upon the property of the Levys in the possession of plaintiff. The sheriff was not able to take possession of the merchandise, because of plaintiff's claim. An order was then made by the court in the cases of Hahlo *v.* Levy, directing plaintiff to deliver the property to the sheriff, upon the payment or securing to it by Hahlo of the amounts due it, and for which it held the property. Hahlo having agreed, in consideration of plaintiff transferring to him its lien on said property, to pay to it the amount of its lien, the defendant, at the request of Hahlo, guaranteed the due performance by Hahlo of his agreement, by the execution of the bonds in suit, each bond specifying that the consideration for the undertaking of Hahlo to make such payment was the transfer to him by plaintiff *of its lien,* which transfer it had agreed to make upon the execution of the bond, and that in consideration of the premises, the defendant agreed to pay within sixty days to plaintiff, the sum specified in the bond, with accruing interest.

Immediately thereafter plaintiff executed a writing purporting to surrender possession of the property, and assigning, transferring, and setting over "unto said Herman Hahlo all its right, title, and interest in and to said goods, to the extent of their said lien for the advances and charges aforesaid." This was acknowledged by a stipulation and agreement signed by plaintiff and by the attorney for Hahlo on October 13, 1898, which recited that Davis, Belau & Co. "have executed a transfer unto said Herman Hahlo of all its interest in said merchandise and claim thereto on account of advances, etc., made thereon," and provided that the bonds and

transfer papers should be placed in escrow, to allow an examination of the merchandise by Hahlo's agent to ascertain if it was substantially as invoiced. Two days thereafter, by order of Hahlo's agent and plaintiff, the bonds were delivered to plaintiff, and the transfer papers and the merchandise were delivered to Hahlo's agent. Within a few days, the plaintiff, as auctioneer, acting under the direction of Hahlo's agent, sold the goods at public auction, said agent buying them in for the amount of the lien, paying nothing therefor, and shipped them to Hahlo in New York. Plaintiff has never been paid anything on account of its lien.

1. The defendant, by its answer, denied that plaintiff ever made an assignment or transfer of its lien. It is claimed that upon this branch of the case the trial court failed to find upon material and essential allegations in the pleadings. This contention is based upon the fact that although plaintiff alleged in its complaint that it delivered possession of all said merchandise to Hahlo, and defendant denied such allegation, the court did not make a specific finding in regard thereto. But conceding that, in order to transfer the lien, it was essential to deliver possession of the property, it does not follow that it was necessary to allege such delivery. The consideration specified in the bond was, simply, that plaintiff was "to transfer *their said lien*," and the allegation in the complaint that "plaintiff, pursuant to the terms and provisions of said agreement, transferred unto said Herman Hahlo their lien upon said merchandise" was a sufficient allegation of performance. It was an allegation of the ultimate fact. To sustain this allegation, it was of course necessary for plaintiff to prove a delivery of possession, but the pleading would have been complete without any allegation of such delivery. The court found that plaintiff "transferred and delivered unto Herman Hahlo . ... its lien," etc., which was all that was requisite, and a further finding of delivery of possession of the property would have been superfluous, for it is included in the finding of transfer of the lien.

2. It is further claimed that the lien of plaintiff was not assignable, and that consequently the undertaking of Hahlo and the defendant, his surety, was without consideration and void.

This objection does not come with very good grace from either Hahlo or his surety,—for, admittedly, upon the faith of his agreement and defendant's undertaking, plaintiff delivered to Hahlo the merchandise upon which it had a valid lien, dependent on possession, for nearly sixteen thousand dollars, which merchandise, so far as appears, Hahlo has devoted to his own use. The objection is, under the circumstances of this case, entirely without merit. What Hahlo was desirous of obtaining from plaintiff was a transfer of all its interest in said merchandise and claim thereto on account of advances, etc., made thereon. A factor is generally regarded as holding in pledge the goods upon which he has made advances, and as having a special property in such goods. (Jones on Pledges, sec. 332.) Hahlo was willing to accept such a transfer, which necessarily involved a delivery of the possession of the property, as being a complete and perfect assignment of plaintiff's claim and the lien therefor. This is conclusively established by the recitals in the agreement of October 13, 1898, signed by his authorized agent. To obtain this it was essential that he should either pay or secure to plaintiff the payment of the amount due it, and this he did by procuring the execution of the bonds in suit. These bonds of defendant, the sole condition of which was, that it would pay to plaintiff the specific amounts due it within sixty days, were delivered to plaintiff by Hahlo's agent, to whom they had been intrusted by defendant for delivery, only upon his receiving a transfer from plaintiff that was in all respects satisfactory to him. In consideration of the delivery of these bonds, plaintiff executed such paper and parted with the possession of the property and its lien thereon.

Under these circumstances, it is idle to assert that there was no consideration for the undertakings in suit. There can be no question as to the prejudice suffered by the promisee,—for it, in consideration of the delivery of the undertakings, abandoned its valid, enforceable claim for a large amount of money against this property. Certainly, under the circumstances shown, Hahlo cannot be heard to say that he has not obtained the benefit stipulated for. He accepted the papers tendered, and the possession of the property as a sufficient transfer, measuring up to the requirements of the agreement

and the recitals of the bonds, and, having induced the plaintiff on the faith of these undertakings to abandon their claim against the property, he is in no position to now assert that the transfer was not effectual.   And his surety, who intrusted the undertakings to his agent for delivery when the transfer was made to his satisfaction, is in no better position than its principal.

We are satisfied that this is a complete answer to all the contentions urged by appellant as to the question of the assignability of plaintiff's claim and the security therefor and the sufficiency of the instruments of transfer.

There can be no doubt that, under some circumstances, a person holding goods consigned to him by another for sale, and upon which he has made advances, may transfer his interest in those goods for the purpose of satisfying his claim. This being so, the circumstances hereinbefore detailed are such as to establish against Hahlo and his surety the fact that such a transfer as was contemplated by the parties was here made by plaintiff, and the finding of the court in that behalf is fully sustained by the evidence.

What is said about that provision of the original agreement as to a surrender of the merchandise to the *sheriff* instead of to Hahlo is unimportant, in view of the fact that it appears from the evidence that the agreement was subsequently modified by providing that the merchandise should be delivered to Hahlo.   The provisions as to surrender of possession to the sheriff were stricken out of the undertakings, by consent of all the parties, before the delivery thereof.

The finding of the trial court upon the affirmative defenses sufficiently disposes of the issues made thereby, and the evidence is such as to support the finding.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.